UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL SMITH,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS and GUS HARRISON
CORRECTIONAL FACILITY
MAILROOM SUPERVISOR SULLIVAN,

    Defendants.
    _____/

Case No. 11-15540

Honorable Patrick J. Duggan

### **OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

Nathaniel Smith ("Plaintiff"), a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* civil rights complaint for declaratory and monetary relief pursuant to 42 U.S.C. § 1983. Named as Defendants are the Michigan Department of Corrections and the mail room supervisor at the Gus Harrison Correctional Facility in Adrian, Michigan.

In his Complaint, Plaintiff alleges that on or about April 18, 2011, while he was incarcerated at the Gus Harrison Correctional Facility, he received mail from his attorney. The mail arrived from the Charles Egeler Reception and Guidance Center in Jackson, Michigan. Although the envelope was stamped "Atty: Client," it had been opened. Compl. ¶ 10.

Plaintiff claims that the Department of Corrections and Defendant Sullivan violated

his right to confidential legal correspondence with his attorney by allowing his mail to be opened. Compl. ¶ 20. For reasons set forth below, the Court concludes that the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### I. Standard of Review

The Court granted Plaintiff leave to proceed without prepayment of the fees and costs for this action due to his indigence. The Court must dismiss an indigent prisoner's civil rights complaint or any portion of the complaint which: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." *Id*. at 555, 127 S. Ct. at 1965 (citation and footnote omitted).

## II. Discussion

Plaintiff seeks to hold the Michigan Department of Corrections responsible for allowing its employees to read correspondence from Plaintiff's attorney. The State of Michigan and its Department of Corrections enjoy absolute immunity from suit under the Eleventh Amendment unless the State has consented to be sued. *See Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057 (1978) (per curiam); *Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984)). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), "and Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (citation omitted). Eleventh Amendment immunity "is far reaching," and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens" *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). Plaintiff therefore has no right to relief from the Michigan Department of Corrections.

The remaining defendant is identified as "R. Sullivan," the mail room supervisor at Gus Harrison Correctional Facility at the time Plaintiff's mail was opened. Plaintiff does not allege that Sullivan personally opened his mail; rather, he claims that Sullivan "is

responsible for passive acceptance" of his opened mail.  Compl. ¶ 9.  This allegation leads the Court to believe that Plaintiff seeks to hold Sullivan liable on a *respondeat superior* theory of liability.

*Respondeat superior* or vicarious liability is not applicable to suits under § 1983.  *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1948 (2009).  "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act," *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999), "the right to control employees," or "simple awareness of employees' misconduct."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citations omitted).  Instead,

> [t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hayes v. Jefferson Cnty.*, 668 F.2d 869, 872-74 (6th Cir. 1982)).

Plaintiff has not alleged that Sullivan authorized, approved, or acquiesced in the opening of Plaintiff's mail.  In fact, the Complaint indicates that Plaintiff's mail was opened at the Egeler Reception and Guidance Center in Jackson before it arrived at the Gus Harrison Correctional Facility in Adrian, where Sullivan was employed.  Compl. ¶¶ 12-14.  The Court therefore finds that Plaintiff's allegations concerning Sullivan fail to state a plausible claim upon which relief may be granted.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Complaint is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).  Thus, Plaintiff may not proceed without prepayment of the appellate fees and costs if he files an appeal.  28 U.S.C. § 1915(a)(3).

        s/PATRICK J. DUGGAN
        UNITED STATES DISTRICT JUDGE

Dated: January 30, 2012

Copies to:

Nathaniel Smith, #261933
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-9746